IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MR. MAURICE M.M. NEWSUAN,

    Plaintiff,

v.

MR. COLON, et al.,

    Defendants.

CIVIL ACTION
NO. 13-1199

## OPINION

Slomsky, J.                                                                                                                                   August 2, 2013

### I. INTRODUCTION

Plaintiff Maurice Newsuan is a state prisoner at the State Correctional Institution ("SCI") in Chester, Pennsylvania.[1] On March 6, 2013, Plaintiff filed an Application to Proceed In Forma Pauperis. (Doc. No. 1.) On March 11, 2013, his Application was granted (Doc. No. 2) and a Complaint (Doc. No. 3) was filed. The Complaint alleges various claims related to prison conditions. It names the following Defendants: Mr. Colon, Medical Nurse Harding, City of Philadelphia, Lt. Mr. Roth, C/O Oterlyn, and C/O Sterling.[2] (Doc. No. 3 at 1.)

On May 8, 2013, Defendants Colon, Roth and Sterling filed their Answer. (Doc. No. 13.) On May 10, 2013, Defendant Harding filed a Motion to Dismiss. (Doc. No. 14.) On May 21,

---

[1] In a letter filed July 3, 2013, Plaintiff informed the Court that he would be released from SCI-Chester on July 18, 2013 and scheduled to be moved to a halfway house in Philadelphia, Pennsylvania.

[2] Defendants Colon, Roth, Oterlyn, and Sterling are correctional officers at SCI-Chester. Oterlyn was never served the Complaint, and no attorney has entered an appearance on this officer's behalf. On March 11, 2013, Defendant City of Philadelphia waived service of the Complaint, and an answer was due on May 10, 2013. As of the date of this Opinion, no answer has been filed and no attorney has entered an appearance on behalf of the City of Philadelphia. However, as discussed infra, it appears Plaintiff has abandoned his claims against both Oterlyn and the City of Philadelphia.

1

2013, Plaintiff filed an Amended Complaint.[3] (Doc. No. 18.) In light of the Amended Complaint, the Court dismissed Defendant Harding's Motion to Dismiss (Doc. No. 14) as moot. (Doc. No. 19.)

On June 4, 2013, Defendant Harding filed the instant Motion to Dismiss the Amended Complaint (Doc. No. 20) and Memorandum of Law in Support (Doc. No. 21). On June 11, 2013, Plaintiff filed a Response in Opposition. (Doc. No. 23.) For reasons that follow, Defendant Harding's Motion to Dismiss (Doc. No. 20) will be granted.

## II. STANDARD OF REVIEW

The motion to dismiss standard under Federal Rule of Civil Procedure 12(b)(6) is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009). After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 663; see Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Applying the principles of Iqbal and Twombly, the Third Circuit in Santiago v. Warminster Township, 629 F.3d 121 (3d Cir. 2010), set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Id. at 130 (quoting Iqbal, 556 U.S. at 675, 679). "This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike

---

[3] The Amended Complaint was filed on May 21, 2013. As of the date of this Opinion, Defendants Colon, Roth, and Sterling have not filed an answer to the Amended Complaint. As discussed infra, it appears Plaintiff has abandoned his claims against Defendants Roth and Sterling, too. The Court will address Defendant Colon's lack of response in a separate Order.

2

conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234–35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## III. ANALYSIS

### A. The Amended Complaint Only Alleges Claims Against Defendants Harding And Colon

In the Amended Complaint (Doc. No. 18), Plaintiff breaks his allegations into two sections. The first section has the following heading: Newsuan v. Harding <u>Verified First Amended Complaint</u>. (Id. at 1) (emphasis in original). The paragraph below this heading states: "Plaintiff Maurice Newsuan, pro se files this Verified First Amended Complaint against Nurse Harding <u>only</u> ("collectively") one Defendant, and in support thereof avers as follows [sic]." (Id. (emphasis in original).) After this paragraph are nine paragraphs, numbered one through nine, alleging conduct by Defendant Harding. (Id. at 1–4.)

The second section has the following heading: Newsuan v. Colon <u>Verified Second Amended Complaint</u>. (Id. at 4 (emphasis in original).) The paragraph below this heading states: "Plaintiff Maurice Newsuan, pro se files his Second Verified Amended Complaint against c/o Colon only ("collective") one Defendant No. (2), and in support thereof avers as follows [sic]."

3

(Id.) After this paragraph are five paragraphs, numbered ten through fourteen, alleging conduct by Defendant Colon. (Id. at 4–5.)

Despite the text in the headings, the Court will construe this entire document to be the Amended Complaint, which alleges various claims against Defendant Harding and Defendant Colon. From a review of the Amended Complaint, it appears that Plaintiff has abandoned his claims against the remaining Defendants: City of Philadelphia, Lt. Mr. Roth, C/O Oterlyn, and C/O Sterling. Accordingly, these four Defendants will be dismissed as parties to this lawsuit.

### B. The Health Insurance Portability And Accountability Act Does Not Provide Plaintiff With A Cause Of Action

Plaintiff alleges:

> [W]ithout provocation and without justification, Nurse Harding sadistically and maliciously applied imminent danger serious physical injury pain and suffering and denial of proper adequate medical care and Hypa law violation and further tort and privacy law violations, and fear of lost of life and bodily harm which was unprovoked, unnecessary and Plaintiff posed no threat to the safety of Nurse Harding, staff or other inmates [sic]. Nurse Harding violated breach of contract and total breach of medical protocol and tort claim [sic].
>
> As a direct result of Nurse Harding actions and violating the Hypa law which Plaintiff endured and will continue to endure as a result of the Defendant Nurse Harding actions described above [sic].
>
> The sadistic and malicious actions by Nurse Harding was an unnecessary and wanton infliction of pain, subjected Plaintiff to physical abuse which grossly exceeded that necessary under the circumstances, and violated the standards of contemporary society of the privacy law violation [sic].

(Doc. No. 18 at 3.) To the extent Plaintiff's reference to "Hypa law" alleges a violation of the Health Insurance Portability and Accountability Act ("HIPAA"), his claim will be denied because HIPAA does not provide a private cause of action.

"[T]he existence of a private cause of action is a 'prerequisite for finding federal question jurisdiction.'" Rigaud v. Garofalo, No. 04-1866, 2005 WL 1030196, at *2 (E.D. Pa. May 2, 2005) (quoting Stephen v. High Voltage Maint. Co., 323 F. Supp. 2d 650, 653 (E.D. Pa.2004)).

4

Although the Third Circuit has not addressed whether a private cause of action exists under HIPAA, several district courts have held there is no private federal remedy. See Rigaud, 2005 WL 1030196, at *2–3; see also O'Donnell v. Blue Cross Blue Shield of Wyo., 173 F. Supp. 2d 1176, 1179–80 (D. Wyo. 2001); Brock v. Provident Am. Ins. Co., 144 F. Supp. 2d 652, 657 (N.D. Tex. 2001); Means v. Indep. Life and Accident Ins. Co., 963 F. Supp. 1131, 1135 (M.D. Ala. 1997); Wright v. Combined Ins. Co. of Am., 959 F. Supp. 356, 362–63 (N.D. Miss. 1997).

The Court agrees with the reasoning of Rigaud. The Court lacks subject-matter jurisdiction over Plaintiff's HIPAA claim, and cannot provide him with any relief. Consequently, his HIPAA claim will be dismissed.

### C. Plaintiff's Claims Under 42 U.S.C. § 1983 Are Barred Because He Has Failed To Exhaust Administrative Remedies

Plaintiff also alleges:

> Throug [sic] the conduct described above, Defendant Nurse Harding, acting under the color of state law, unlawfully deprived Plaintiff of his rights as guaranteed by the Eight and Fourteenth Amendments to the United States Constitution, including the right to be free from cruel and unusual punishment. The right to be free from denial of his liberty interest without due process of law, and the right to equal protection of the laws, and entitles Plaintiff to relief under 42 U.S.C. 1983, Defendant Harding do not fall under PLRA she is not a prison official at SCI-Chester [sic].

(Doc. No. 18 at 4.) Plaintiff is not entitled to relief on any claim under 42 U.S.C. § 1983 because he has failed to exhaust his administrative remedies.

Under the Prison Litigation Reform Act ("PLRA"): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The U.S. Supreme Court has held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege

5

excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion of all administrative remedies is mandatory. Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000).

Here, Defendant Harding argues in the Motion to Dismiss that Plaintiff has failed to exhaust his administrative remedies. Plaintiff has neither pled in the Amended Complaint nor argued in his Memorandum of Law in Opposition that he has exhausted his administrative remedies. Instead, Plaintiff contends:

> [T]he PLRA only apply to the Prison Litigation Reform Act here the Defendant Medical Nurse Harding works for a private medical corporation and not by the Pennsylvania State Department and she Nurse Harding is being represented by a private law firm not the Pennsylvania States Attorney General for the entirety of the Pennsylvania SCI at Chester [sic].
>
> The Pennsylvania Deputy Attorney General Laurie R. Jubeliner, Esq only represents c/o Saul Colon, [indecipherable] Roth and Nita Sterling not Medical Nurse Harding Therefore Nurse Harding is not and does not fall under the (PLRA) Prison Litigation Reform Act under this 42 U.S.C. 1983 She Medical Nurse Harding has no administrative remedy to exhaust in the Pennsylvania State Department of Correction she Nurse Harding works for a private medical corporation out [indecipherable] the State Department of Correction [sic].

(Doc. No. 23 at 1–2.) Reading this argument in the light most favorable to Plaintiff, it appears he is arguing that although Defendant Harding is a state actor for the purpose of liability under 42 U.S.C. § 1983, her alleged employment by a private corporation excuses him from exhausting his administrative remedies. This argument is unpersuasive.

There is no doubt that Defendant Harding is a state actor under 42 U.S.C. § 1983. Plaintiff himself alleges so in the Amended Complaint: "Throug [sic] the conduct described above, Defendant Nurse Harding, acting under the color of state law . . . ." (Doc. No. 18 at 4.) Moreover, Defendant Harding's alleged employment by a private corporation does not excuse Plaintiff from exhausting his administrative remedies in regard to his dispute with Defendant Harding. "The language '[n]o action shall be brought . . . under section 1983 of this title . . . until such administrative remedies as are available are exhausted' cannot reasonably be

6

read to except private correctional medical services providers. Indeed, even private entities like [correctional medical services providers] are considered state actors under Section 1983." Baker v. Allen, No. 03-2600, 2006 WL 2226351, at *6 (D.N.J. Aug. 3, 2006) (citing West v. Atkins, 487 U.S. 42, 54 (1988)). Because Plaintiff has not exhausted his administrative remedies, his claim under 42 U.S.C. § 1983 will be dismissed.

### D. To The Extent Plaintiff Has Alleged Claims Under State Law, The Court Declines To Exercise Supplemental Jurisdiction

The basis for federal question jurisdiction here arises from Plaintiff's claims under 42 U.S.C. § 1983 and HIPAA. As discussed above, the claims alleged under both federal statutes are being dismissed. To the extent the Amended Complaint alleges additional claims under state law, the Court will not exercise supplemental jurisdiction over those claims, and they too will be dismissed.

### IV. CONCLUSION

Defendant Harding's Motion to Dismiss will be granted. An appropriate Order follows.